**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-583-FDW**

| | |
|---|---|
| PHILLIP R. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| J. BENNETT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. § 1915(e)(2). Plaintiff has been granted in forma pauperis status. (Doc. No. 8).

**I.     BACKGROUND**

Pro se Plaintiff Phillip R. Scott, a North Carolina inmate incarcerated at Pasquotank Correctional Institution in Elizabeth City, North Carolina, filed this action on October 30, 2018, pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants "J. Bennett" and "R. Bennett," both identified as correctional officers at Lanesboro Correctional Institution at all relevant times. Plaintiff alleges that Defendants violated Plaintiff's Fourteenth Amendment due process rights by fabricating charges against him for assault and failing to give him a proper disciplinary hearing, his First Amendment rights by retaliating against him for filing a grievance, and his Eighth Amendment rights based on cruel and unusual punishment. Specifically, Plaintiff alleges that Defendants, who are alleged to be sisters, fabricated charges against him and falsely accused him of

1

assaulting Defendant B. Bennett, and then held him in segregation in the Special Housing Unit at Lanesboro from March 21, 2018, until July 18, 2018. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, this action survives initial screening as to Plaintiff's claims against Defendants.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. §

1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review. See 28 U.S.C. §§ 1915(e); 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants, who are current or former employees of NCDPS.

3.

Signed: February 12, 2019

Frank D. Whitney
Chief United States District Judge