IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CV-00583-FDW

| | |
|---|---|
| PHILILP R. SCOTT, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FNU BENNETT, et.al., )<br>    Defendants. ) | MEMORANDUM IN SUPPORT<br>OF MOTION TO COMPEL<br>DISCOVERY |

Plaintiff has moved the Court for an Order compelling Defendants Jerline Bennett and Brenita Bennett to respond to Plaintiff's Request for Production of Documents #1 and for an award of reasonable expenses incurred in making this motion.

**Statement of the Case**

Plaintiff Phillip Scott ("Mr. Scott") was admitted into the custody of the North Carolina Department of Public Safety ("DPS") in 2017 and is serving a Life sentence. Mr. Scott filed this *pro se* § 1983 lawsuit in October 2018. He alleges that Defendants Jerline Bennett and Brenita Bennett ("Defendants") violated his Fourteenth Amendment due process right, his Eighth Amendment right to be free from cruel and unusual punishment, and his First Amendment rights by retaliating against him for filing a grievance.

Specifically, Mr. Scott, who was housed at Lanesboro Correctional Institution, alleges that Defendants fabricated charges and falsely accused him of assaulting Defendant Brenita Bennett. Compl. [D.E. 1] ¶ 5. Mr. Scott alleges that no officers gave statements supporting Defendant Brenita Bennett's allegations, despite officers beginning present. *Id.* Additionally, Defendants retaliated against Mr. Scott for filing a verbal harassment grievance against Defendant Brenita Bennett. *Id.* As a result, Mr. Scott was housed in segregation from March 21,

2018 to July 18, 2018, despite the Facility Classification Committee's (FCC) decision to release him to regular population. *Id.*

## Statement of the Relevant Facts

Chief United States District Judge Frank Whitney entered a scheduling order on September 9, 2019, specifying that discovery in this case should be complete by January 1, 2020. [D.E. 19]. The September 9, 2019 scheduling order appointed North Carolina Prisoner Legal Services ("NCPLS") for the limited purpose of assisting Plaintiff with discovery pursuant to Standing Order 3:19-mc-60. *Id.* Undersigned counsel filed her Limited Notice of Appearance on September 16, 2019. [D.E. 20]. Plaintiff, through counsel, served Defendants with Plaintiff's First Discovery Requests on November 8, 2019.

On November 14, 2019, Assistant Attorney General James Trachtman filed his notice of substitution of counsel for Defendants. [D.E. 21]. On December 10, 2019, Defendants, through counsel, filed a Consent Motion for Protective Order. [D.E. 22]. On December 12, 2019, undersigned counsel received Defendants written discovery responses; however, Defendants did not provide documents for Request for Production of Documents ("RPD") #1-9. Defendants' responses stated "[t]he Defendants object to responding to this Request before the entry of an appropriate protective order. This response will be supplemented seasonably upon the entry of a protective order." This Court granted Defendants' motion on December 19, 2019. [D.E. 23].

Undersigned counsel received mostly all of the RPD responses from Defendants on December 27, 2019. However, Defendants did not provide the documents requested in RPD #1. RPD #1 requested "[c]opies of each and every file created and/or maintained on Defendant[s] between March 21, 2018 to July 18, 2018, including the following files: (a) Personnel file; (b) Disciplinary file; and (c) training files." In response to RPD #1, Defendants wrote:

> RESPONSE: Defendants object to responding to this Discovery Request on the grounds that it calls for information that is not within the applicable scope of discovery in this action and is not relevant to the subject matter of this action.

On January 6, 2020, after returning from vacation, undersigned counsel spoke with Defendants' counsel regarding a similar response counsel provided in another prisoners' rights case currently before the Eastern District of North Carolina. During the telephone call, counsel indicated that it is their position that the requested documents are not relevant under Rule 26 of the Federal Rules of Civil Procedure; therefore, they maintain their objection. On January 7, 2020, after reviewing Defendants' supplemental responses in this case, undersigned counsel emailed defendants' counsel concerning defendants' response to RPD #1. Specifically, undersigned counsel stated the following:

> Just finished my review of the supplemental responses in the above captioned case. Defendants' objected to RPD #1 which requests copies of defendants['] personnel, disciplinary, and training files between March 21, 2018 to July 18, 2018. Again, this is information that we've received in the past; however, in light of our telephone conversation yesterday regarding a different case, but similar issue, it is my understanding that your office will no longer turn over this information even though there is protective order in place.
>
> As I stated during our call yesterday, NCPLS is under the belief that this information is within the scope of discoverable information pursuant to Rule 26(b). Plaintiff is not requesting defendants to turn over their entire file, but only those within the relevant time alleged in the complaint, which is less than four months. Sensitive information can be redacted and Plaintiff is only requesting information contained in these files that are similar to the allegations made in the Complaint.
>
> We'd like to come to some resolution on this issue that would make both parties happy and not involve the courts. Since the time to complete discovery and serve our response has expired, your prompt response in this matter would be appreciated.

On January 9, 2020, Defendants' counsel provided the following response:

> I haven't had a chance to run it up the chain, but I wanted to get back to you so you'd know I wasn't ignoring you.
>
> In the meantime, I had a chance last night to peek briefly at the Motion and Memo you filed last evening in another of our cases. On page 9 of the Memo, you raise the possibility of allowing PLS to review certain documents to see if they are helpful to PLS's client before automatic disclosure to your client. I had not thought of that, and I confess that I don't remember your suggesting it when we spoke. Can we explore that (in all of our cases)? At the very least, it should limit the discovery issues that we ultimately have, and it may make them go away entirely. Since our offices are pretty close to each other, the logistics should not be awful either.
>
> When you get a chance, let me know your thoughts on that. Thanks!

Undersigned counsel emailed Defendants' counsel indicating that she is open to exploring the issue in depth, but that NCPLS had concerns that would need to be addressed fully. On this same date, NCPLS was made aware that counsel's office would be meeting regarding DPS's decision to no longer produce documents responsive to requests similar to RPD #1 in any prisoners' rights case. Given counsel's position, Plaintiff seeks to compel the production of documents responsive to RPD #1.

The time to complete discovery has now expired.

## Argument

**A. Legal Standard**

Mr. Scott seeks to compel responsive documents that are clearly relevant to his case. "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit ... have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C.2010) (collecting cases); *Mainstreet Collection, Inc. v.*

*Kirkland's, Inc.,* 270 F.R.D 238, 241 (E.D.N.C.2010); *Billips v. Benco Steel, Inc.,* No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

Under Rule 26 of the Federal Rules of Civil Procedure, discovery is broad in scope. In 2000, Rule 26 was amended to state that the material must be "relevant to the claim or defense." Fed. R.Civ.P. (26)(b)(1). Under the 2000 amendment, "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Additionally, the advisory notes to Federal Rule of Civil Procedure 26 state that "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Accordingly, under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed.R.Civ.P. 26(b)(1).The Fourth Circuit has declared that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc*., 334 F.3d 390, 402 (4th Cir.2003)

**B. RPD #1 is both relevant and covered under the protective order.**

The Court should compel Defendants to provide responsive documents to RPD #1. Mr. Scott seeks seeks "[c]opies of each and every file created and/or maintained on Defendant[s] between March 21, 2018 to July 18, 2018, including the following files: (a) Personnel file; (b) Disciplinary file; and (c) training files." Information regarding correctional staffs' prior performance evaluations and disciplinary history regarding same or similar incidents is clearly relevant and could reasonably lead to admissible evidence. Courts have routinely allowed for the disclosure of an officer's personnel file, including performance evaluations and disciplinary records during the discovery phase because it may lead to admissible evidence. *See, eg.. Gross v. Lunduski*, 304 F.R.D. 136 (W.D. NY 2014) (holding, in part, that the production of performance

evaluations and prior reports that are similar to the constitutional violations alleged by plaintiff is discoverable as it may lead to admissible evidence); *Buckler v. Israel,* 309 F.R.D. 672, 674 (S.D.Fla., 2015) (finding that internal affairs files and/or subject control incident reports and use of force forms for ten incidents involving 15 deputy sheriffs were relevant to plaintiff's claims and should be produced); *Sanchez v. City of San Jose,* 250 F.R.D. 468, 470-71 (N.D.Cal., 2008) (compelling defendants to disclose redacted internal investigation files related to the officers' work with the police department); *Martinez v. Cornell Corrections of Texas,* 229 F.R.D. 215, 223 (D.N.M., 2005) (holding that "documents regarding incidents or allegations of physical sexual misconduct by employees at the SFCADC other than those that occurred between October 1, 2001 and December 31, 2001, are discoverable").

Mr. Scott's Complaint alleges that Defendants violated his First, Eighth, and Fourteenth Amendment rights when they retaliated against him for filing a grievance, fabricated disciplinary charges against him and falsely accused him of assaulting Defendant Brenita Bennett, and then held him in segregation at Lanesboro from March 21, 2018 to July 18, 2018, despite the FCC authorizing his release from segregation. Information related to defendants' job performance and disciplinary history, regarding the same conduct alleged in Mr. Scott's Complaint, is relevant.

Defendants also object to producing responsive documents based on security reasons. Courts have recognized an individual's right to privacy in regards to disclosing confidential information. However, "a carefully drafted protective order could minimize the impact" of disclosure. *Soto v. City of Concord,* 162 F.R.D. 603, 616 (N.D.Cal.1995).

The Consent Protective Order entered in this case defines what is considered confidential and attorneys' eyes only information. **See D.E. 23 ¶4**. Defendants' assert that it would be too high of a security risk to produce documents responsive to this request because NCPLS attorneys

6

typically withdraw from these cases. However, the Protective Order specifically outlines the procedure for disclosure of these documents. *Id.* **at ¶5-7**. Specifically, under paragraph 7 of the Protective Order, Mr. Scott is required to sign a confidentiality agreement and NCPLS is obligated to copy "attorneys' eyes only" documents onto red paper before disclosing them to him. On January 7, 2020, undersigned counsel mailed Mr. Scott a copy of the protective order along with a letter explaining that he will need to review the order and return the signed confidentiality agreement to undersigned before she can turn over confidential documents. Defendants' position here seems to circumvent the purpose of the Protective Order and assumes that Mr. Scott will not abide by its terms without providing any justification for this assumption.

While the admissibility in court of this type of evidence is determined during an evidentiary hearing, Defendants failure to produce responsive documents deprives Mr. Scott of any meaningful opportunity to review this information and present it as evidence when the time arises.

Defendants have offered no meaningful justification for their refusal to produce documents responsive to this request. Although Defendants' counsel indicated that he is open to exploring alternative methods, any decision regarding this issue will only be resolved after counsel's office has met and any decision made has been ran up the chain of command. This process will significantly delay Mr. Scott's access to his discovery materials, which are relevant to his case. As a result, Defendants should produce documents responsive to RPD #1.

Plaintiff makes this Motion only after good faith efforts to resolve the discovery dispute. Because Plaintiff has attempted to resolve this this matter without court intervention and Defendants have failed to comply and because an award of reasonable expenses is just in this

instance, Plaintiff is entitled to the payment of reasonable expenses, including attorney's fees, related to making this motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## Conclusion

Defendants Jerline Bennett and Brenita Bennett have the burden of showing that the requested discovery is not relevant to the issues in this litigation, and cannot meet that burden. Therefore, Mr. Scott respectfully moves this Court for an order compelling Defendants to provide responses to RPD #1, as well as an order awarding Plaintiff reasonable expenses incurred in making this motion.

Respectfully submitted, this 13th day of January, 2020.

/s/ Taittiona Miles
Taittiona Miles
Attorney for Plaintiff
N.C. Bar No. 50879
N.C. Prisoner Legal Services, Inc.
Post Office Box 25397
Raleigh, North Carolina 27611
(919) 856-2200
(919) 856-2223 (Fax)
tmiles@ncpls.org

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> James B. Trachtman
> Attorney for Defendants Hinton, Walker, Tapley-Burnett, and Johnson
> N.C. Dept. of Justice
> P.O. Box 629
> 114 W. Edenton St.
> Raleigh, NC 27602-0629
> Email: jtrachtman

> /s/ Taittiona Miles
> Taittiona Miles
> Attorney for Plaintiff
> N.C. Bar No. 50879
> N.C. Prisoner Legal Services, Inc.
> Post Office Box 25397
> Raleigh, North Carolina 27611
> (919) 856-2200
> (919) 856-2223 (Fax)
> tmiles@ncpls.org