# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00583-FDW

| | |
|---|---|
| PHILLIP R. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU BENNET, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel Discovery. [Doc. 24].

## I.  BACKGROUND

Pro se Plaintiff Phillip Scott ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Pasquotank Correctional Institution in Elizabeth City, North Carolina. On October 30, 2018, Plaintiff filed a complaint under 42 U.S.C. § 1983 against Defendants J. Bennett and B. Bennett, identified as sisters and correctional officers at Lanesboro Correctional Institution ("Lanesboro"), for violating his rights under the Fourteenth Amendment's Due Process clause by fabricating charges against him for assault and failing to give him a proper disciplinary hearing; under the First Amendment for retaliating against him for filing a grievance; and under the Eighth Amendment for cruel and unusual punishment. [Doc. 1]. The alleged conduct occurred between March 21, 2018 through July 18, 2018. [Id. at 3]. Plaintiff's Complaint survived initial review. [Doc. 9].

On September 9, 2019, after Plaintiff had accepted the assistance of the North Carolina Prisoner Legal Services (NCPLS) in conducting discovery in this matter [Doc. 18], the Court

entered an Amended Pretrial Order and Case Management Plan (PTOCMP) amending case deadlines and appointing the NCPLS for the limited purpose of discovery [Doc. 19]. The PTOCMP provides, in pertinent part, as follows:

> Upon conclusion of the discovery period, NCPLS will file with the Court a Response to Discovery Order indicating that: (a) NCPLS will provide representation; (b) the appointment of counsel is not necessary; (c) the Plaintiff has declined any further assistance by NCPLS; or (d) the reviewing NCPLS attorney feels that Plaintiff's case is meritorious but NCPLS lacks adequate resources to provide representation. If NCPLS declines representation or the Plaintiff rejects NCPLS's further representation following the period of discovery, **NCPLS will provide the Plaintiff with a packet of discovery materials to assist the Plaintiff in either filing or responding to any dispositive motion. The packet will not include any documents or material subject to a protective order, and NCPLS will return any such documents or material to defense counsel at the conclusion of discovery**.

[Doc. 19 at 4 (emphasis added)].

In December 2019, on the parties' request, the Court entered a Consent Protective Order, which the parties agreed was "necessary to authorize the release of such confidential information and to ensure that such confidential information is not disclosed or used for any purpose except in connection with this litigation." [Doc. 23 at 2]. On review of the Consent Motion for Protective Order, the Count found as follows:

> [D]uring the course of this litigation, Defendants obtained and will continue to obtain and disclose to Plaintiff or the Court, information and documents from the North Carolina Department of Public Safety ("the Department") that are deemed confidential under federal and state law, including, N.C.G.S. §§ 126-22(3) and -24, § 122C-52, § 132-1.7, § 148-74 and -76; *Goble v. Bounds*, 13 N.C. App. 579, 581, 186 S.E.2d 638, 639, *aff'd*, 281 N.C. 307, 188 S.E.2d 347 (1972); *Paine v. Baker*, 595 F.2d 197, 200 (4th Cir. 1979), *cert. denied*, 444 U.S. 925 (1979); 42 U.S.C. § 1320d *et seq.*; and 45 C.F.R. §§ 160-164.

[Id. at 1].

Plaintiff now moves to compel Defendants to respond to a request for production of documents over which the parties cannot agree, despite having conferred in good faith to obtain the discovery without court action. [Doc. 24]. Plaintiff also moves for an award of the reasonable expenses associated with making this motion pursuant to Rule 37(a)(5)(A). [Id.]. The disputed request seeks "[c]opies of each and every file created and/or maintained on Defendant[s] between March 21, 2018 to July 18, 2018, including the following files: (a) Personnel file; (b) Disciplinary file; and (c) training files." [See Doc. 25 at 2]. Defendants initially objected to this Request before the entry of an appropriate protective order but responded that their response "[would] be supplemented seasonably upon entry of a protective order." [Id.]. As noted, the Court entered a consent protective order on December 19, 2019. Even after the protective order, however, Defendants declined to provide documents responsive to the disputed Request, contending that the documents requested are not relevant. [Id. at 2-3].

## II.  STANDARD OF REVIEW

"[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. CinvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. May 12, 2010) (collecting cases). Rule 26(b) of the Federal Rules of Civil Procedure, which was amended in 2015, governs the scope of discovery. It provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b) (emphasis added). With the 2015 amendments, the Rules Committee noted

that, as opposed to the pre-amendment language regarding discovery "of any matter relevant to the subject matter involved in the action," "[p]roportional discovery relevant to any party's claim or defense suffices, given a proper understanding of what is relevant to a claim or defense." Fed. R. Civ. P. 26, Committee Notes on Rules—2015 Amendment. This includes "other incidents of the same type." Id. Further, a district court has substantial discretion in managing discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995).

## III. DISCUSSION

Here, Plaintiff seeks discovery of the personnel files, disciplinary files, and training files for the Defendants created and/or maintaned the time period of the alleged constitutional violations. Plaintiff alleges that Defendants violated his First, Eighth, and Fourteenth Amendment rights "when they retaliated against him for filing a grievance, fabricated disciplinary charges against him and falsely accused him of assaulting Defendant Brenita Bennett, and then held him in segregation at Lanesboro from March 21, 2018 to July, 2018, despite the FCC authorizing his release from segregation." [Doc. 25 at 6]. Plaintiff contends, therefore, that "[i]nformation related to defendants' job performance and disciplinary history, regarding the same conduct alleged in [Plaintiff's] Complaint, is relevant." [Id.]. Plaintiff also argues that "[c]ourts have routinely allowed for the disclosure of an officer's personnel file, including performance evaluations and disciplinary records during the discovery phase because it may lead to admissible evidence." [Id. at 5 (citing cases)]. Plaintiff made no alternative request for *in camera* review of the disputed materials.

Defendants concede that Plaintiff is entitled "to those personnel files, disciplinary files, and training files that relate solely to the actual incident complaint of or to "other incidents of the same types," *i.e.*, incidents (if any) where the Defendants allegedly fabricate charges against an

4

inmate, failed to give an inmate a proper disciplinary hearing, retaliated against an inmate for filing a grievance, improperly held an inmate in segregated housing." [Doc. 26 at 5]. Defendant argues, however, that at the end of discovery in this case, the documents, including confidential documents, will be turned over to the inmate-Plaintiff. Therefore, "even with a Protective Order in place, a proportionality review is critically important before records pertaining to prison staff are provided to the inmate-Plaintiff's discovery counsel." [Id. at 6]. Defendants contend, "without question, the security risks of providing to the inmate-Plaintiff statutorily-confidential information about prison staff must be weighed against the needs of the case." [Id.]. Defendant's argument regarding the inmate-Plaintiff's access to documents produced subject to the consent protective order is without merit. As noted, the PTOCMP expressly provides that the packet of discovery materials provided to Plaintiff at the end of the discovery period will not include "any documents or material subject to a protective order, and NCPLS will return any such documents or material to defense counsel at the conclusion of discovery." [Doc. 19 at 4]. As such, without this "critically important" element of the proportionality review, Defendants concede Plaintiff is entitled at least to "those personnel, disciplinary, and training files that pertain to the incident that is the subject of the case at bar or to 'other incidents of the same type.'" [Doc. 26 at 6].

"Courts have recognized that the strong public interest in § 1983 actions generally weighs heavily in favor of a full airing of the relevant evidence." Martin v. Conner, 287 F.R.D. 348, 350 (D. Md. Nov. 14, 2012) (internal quotation marks and citation omitted). The Court agrees that Plaintiff is entitled to, and Defendants shall produce, Defendants' personnel files, disciplinary files, and training files related to the incidents that are the subject of the Complaint and other incidents of the same type that were created and/or maintained on Defendants between March 21, 2018 to July 18, 2018. See Gross v. Lunduski, 304 F.R.D. 136, 144-45 (W.D.N.Y. Dec. 18, 2014)

5

(collecting cases). Incidents of the "same type" include incidents regarding retaliation for filing grievances, fabricating disciplinary charges against an inmate, falsely accusing an inmate of assault, and/or improperly holding an inmate in segregation. These documents shall be produced subject to the existing consent protective order, with appropriate and reasonable redactions. Appropriate and reasonable redactions include the address, phone number, email address, and other identifying information of Defendants, as well as the names and identifying information of non-defendant correctional officers and prison officials and other prisoners. Should one or both parties believe an *in camera* inspection by the Court is necessary to comply with the Court Order, prompt motion should be made.

Further, Plaintiff's motion to require Defendants to pay reasonable expenses associated with making this motion, pursuant to Rule 37(a)(5)(A), will be denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Compel Discovery [Doc. 24] is **GRANTED** in accordance with the terms of this Order.

(2) Plaintiff's motion for reasonable expenses [Doc. 24] is **DENIED**.

(3) Defendants shall respond to Plaintiff's discovery request within ten (10) days of this Order in accordance with the terms of this Order.

(4) The stay of the dispositive motions' deadline [Doc. 29] is hereby lifted and the parties shall have until May 1, 2020 to file dispositive motions in this case.

**IT IS SO ORDERED.**

Signed: March 16, 2020

Frank D. Whitney
Chief United States District Judge