UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00583-MR

| PHILLIP R. SCOTT, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| FNU BENNET, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Allow NCPLS to Send Plaintiff Discovery Documents Pursuant to Protective Order [D.E. 23]." [Doc. 24].

Pro se Plaintiff Phillip Scott ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Pasquotank Correctional Institution in Elizabeth City, North Carolina. On October 30, 2018, Plaintiff filed a complaint under 42 U.S.C. § 1983 against Defendants J. Bennett and B. Bennett, identified as sisters and correctional officers at Lanesboro Correctional Institution ("Lanesboro"), for violating his rights under the Fourteenth Amendment's Due Process clause by fabricating charges against him for assault and failing to give him a proper disciplinary hearing; under the First Amendment for retaliating against him for filing a grievance; and

under the Eighth Amendment for cruel and unusual punishment. [Doc. 1]. The alleged conduct occurred between March 21, 2018 through July 18, 2018. [Id. at 3]. Plaintiff's Complaint survived initial review. [Doc. 9].

On September 9, 2019, after Plaintiff had accepted the assistance of the North Carolina Prisoner Legal Services (NCPLS) in conducting discovery in this matter [Doc. 18], the Court entered an Amended Pretrial Order and Case Management Plan (PTOCMP) amending case deadlines and appointing the NCPLS for the limited purpose of discovery [Doc. 19]. The PTOCMP provides, in pertinent part, as follows:

> Upon conclusion of the discovery period, NCPLS will file with the Court a Response to Discovery Order indicating that: (a) NCPLS will provide representation; (b) the appointment of counsel is not necessary; (c) the Plaintiff has declined any further assistance by NCPLS; or (d) the reviewing NCPLS attorney feels that Plaintiff's case is meritorious but NCPLS lacks adequate resources to provide representation. If NCPLS declines representation or the Plaintiff rejects NCPLS's further representation following the period of discovery, **NCPLS will provide the Plaintiff with a packet of discovery materials to assist the Plaintiff in either filing or responding to any dispositive motion. The packet will not include any documents or material subject to a protective order, and NCPLS will return any such documents or material to defense counsel at the conclusion of discovery**.

[Doc. 19 at 4 (emphasis added)].

In December 2019, on the parties' request, the Court entered a Consent Protective Order, which the parties agreed was "necessary to authorize the release of such confidential information and to ensure that such confidential information is not disclosed or used for any purpose except in connection with this litigation." [Doc. 23 at 2]. The Count found as follows:

> [D]uring the course of this litigation, Defendants obtained and will continue to obtain and disclose to Plaintiff or the Court, information and documents from the North Carolina Department of Public Safety ("the Department") that are deemed confidential under federal and state law, including, N.C.G.S. §§ 126-22(3) and -24, § 122C-52, § 132-1.7, § 148-74 and -76; Goble v. Bounds, 13 N.C. App. 579, 581, 186 S.E.2d 638, 639, aff'd, 281 N.C. 307, 188 S.E.2d 347 (1972); Paine v. Baker, 595 F.2d 197, 200 (4th Cir. 1979), cert. denied,444 U.S. 925 (1979); 42 U.S.C. § 1320d et seq.; and 45 C.F.R. §§ 160-164.

[Id. at 1].

Thereafter, Plaintiff moved to compel Defendants to respond to a request for production of documents. [Doc. 24]. The disputed request sought "[c]opies of each and every file created and/or maintained on Defendant[s] between March 21, 2018 to July 18, 2018, including the following files: (a) Personnel file; (b) Disciplinary file; and (c) training files." [See Doc. 25 at 2]. Defendants conceded that Plaintiff is entitled "to those personnel files, disciplinary files, and training files that relate solely to the actual incident complaint of or to 'other incidents of the same types,' *i.e.*,

3

incidents (if any) where the Defendants allegedly fabricate charges against an inmate, failed to give an inmate a proper disciplinary hearing, retaliated against an inmate for filing a grievance, improperly held an inmate in segregated housing." [Doc. 26 at 5]. Defendants argued, however, that risks associated with providing "statutorily confidential information about prison staff" at the end of the discovery period "must be weighed against the needs of the case," and "the proportionality considerations fall squarely in favor of limiting disclosure." [Id.].

The Court granted Plaintiff's motion in part, ordering that Defendants produce certain records as provided in the Court's Order and subject to the requirements therein.[1] [Doc. 30]. Defendants timely produced the documents as instructed. [Doc 31 at ¶ 9]. Several of the documents were produced pursuant to the Protective Order. [Id.]. Discovery is now complete and counsel for Plaintiff has filed the NCPLS' Response to the Court's PTOCMP and Standing Order 3:19-mc-60. [Doc. 32]. In the Response, counsel for Plaintiff states that she has assisted Plaintiff with conducting discovery in this case, provided advice and assistance to Plaintiff, and that,

---

[1] The Court recognizes that in granting Plaintiff's motion for discovery it unintentionally overlooked the provision in the parties' Consent Protective Order allowing for disclosure of confidential information to Plaintiff when the conditions prescribed therein are met. [See Doc. 23 at ¶ 7]. The result, however, would have been the same in any event. [See Doc. 30 at 5-6].

4

in the opinion of the NCPLS, appointment of counsel is not required in this action. [Id.].

The NCPLS now moves that the NCPLS be allowed to provide Plaintiff with documents that were produced pursuant to the Protective Order. [Doc. 31]. Defendants consent to this motion. [Id. at ¶ 11]. The Court will grant Plaintiff's motion and respectfully reminds the NCPLS of the procedure set forth in the Protective Order for such production.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 31] is **GRANTED** and counsel for Plaintiff may disclose the documents produced pursuant to the Consent Protective Order to Plaintiff.

Signed: April 29, 2020

Martin Reidinger
United States District Judge